# -EXHIBIT A-



## Cook County
## Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Divisions

---

### Case Information Summary for Case Number
### 2019-CH-06908

Filing Date: 06/06/2019
Division: Chancery Division
Ad Damnum: $0.00

Case Type: CLASS ACTION
District: First Municipal
Calendar: 09

#### Party Information

**Plaintiff(s)**
EBANKS SHAWAND

**Attorney(s)**
MCGUIRE LAW P C
55 W WACKER 9TH FL
CHICAGO IL, 60601
(312) 893-7002

**Defendant(s)**
REDBOX AUTOMATED
RETAIL,

**Defendant Date of Service**

**Attorney(s)**

#### Case Activity

Activity Date: 06/06/2019

Participant: EBANKS SHAWAND

CLASS ACTION COMPLAINT FILED (JURY DEMAND)

Court Fee: 598.00

Attorney: MCGUIRE LAW P C

Activity Date: 06/06/2019

Participant: EBANKS SHAWAND

***CERTIFY CLASS(SET FOR MOTION HEARING)

Attorney: MCGUIRE LAW P C

Activity Date: 06/06/2019

Participant: EBANKS SHAWAND

SUMMONS ISSUED AND RETURNABLE

Attorney: MCGUIRE LAW P C

Activity Date: 06/06/2019

Participant: EBANKS SHAWAND

NOTICE OF MOTION FILED

Attorney: MCGUIRE LAW P C

Activity Date: 06/06/2019                                    Participant: EBANKS SHAWAND

### CASE SET ON CASE MANAGEMENT CALL

Date: 10/04/2019

Court Time: 0930                                    Judge: TAILOR SANJAY T

Court Room: 2008                                    Attorney: MCGUIRE LAW P C

Back to Top

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency
of this data. This data is not an official record of the Court or the Clerk and may
not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data
in our master database.

**12-Person Jury**

Hearing Date: 10/4/2019 9:30 AM - 9:30 AM
Courtroom Number: 2008
Location: District 1 Court
Cook County, IL

5326592

FILED
6/6/2019 4:13 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH06908

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

SHAWAND EBANKS, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

REDBOX AUTOMATED RETAIL, LLC,

Defendant.

Case No.  2019CH06908

Hon.

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Shawand Ebanks ("Plaintiff") brings this Class Action Complaint against Defendant Redbox Automated Retail, LLC ("Defendant") to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff, in this Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE CASE

1.      In an effort to promote its business, Defendant, a provider of video rental services, engaged in an invasive and unlawful form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2.      By effectuating these unauthorized text message calls (hereinafter, "wireless spam" or "SMS Messages"), Defendant has violated consumers' statutory and privacy rights and has caused consumers actual harm, not only because consumers were subjected to the aggravation and

1

invasion of privacy that necessarily accompanies wireless spam, but also because consumers have to pay their cell phone service providers for the receipt of such wireless spam.

3.      In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited text message calls to cellular phones.

4.      On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities, and an award of actual or statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

5.      Plaintiff is now and was at all times relevant to this lawsuit, a resident of Maryland.

6.      Defendant is the operator of a national DVD, Blu-ray, and video game rental service. Defendant maintains its corporate headquarters in Oakbrook Terrace, Illinois, and is registered to do business in Cook County, Illinois.

## JURISDICTION AND VENUE

7.      The Court has personal jurisdiction over the Defendant pursuant to 735 ILCS 5/2-209 and in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant maintains its corporate headquarters within this state.

8.      Venue is proper in Cook County under 735 ILCS 5/2-101 because the transaction out of which this cause of action arises occurred in Cook County, as Defendant conducts business in Cook County, is registered to do business in Cook County, and the text messages at issue were transmitted via a short code utilized to transmit messages in Cook County.

2

## COMMON FACTUAL ALLEGATIONS

9.    In recent years, marketers who have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

10.    One of the newer types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

11.    An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

12.    Unlike more conventional advertisements, SMS messages, and particularly wireless spam, invade privacy and can actually cost their recipients money, because cell phone users like Plaintiff have to pay their respective wireless service providers for each text message call they receive, incur a usage allocation deduction from the total number of text messages allowed under their cell phone plan, or pay a fixed or variable usage fee.

13.    Defendant recently undertook a misguided effort to promote its video rental services by transmitting such spam text message advertisements to consumers across the country. Indeed, during the applicable statutory period, Defendant and its agents caused the mass transmission of wireless spam to the cell phones of individuals who it hoped were potential customers of Defendant's business.

3

14.     For instance, on December 21, 2018, Plaintiff's cell phone rang twice, indicating that text calls had been received. The "from" field of the transmissions was identified cryptically as "727272," which is an abbreviated telephone number known as an SMS short code operated by Defendant or by Defendant's agents acting on Defendant's behalf. The body of such text messages, received consecutively, read:

> "Get a FREE 1-night DVD, Blu-ray or Game rental at Redbox w/ code F2Z3KRM3. Exp 2/28/19@11:59p. Terms: http://vbs.cm/U5PXXD. TxtSTOP2end."

> "Reply Y to receive Redbox deals & news alerts at this #. Opt-in not required to rent/buy. Recurring autodialed marketing msgs. T&Cs: http://m.rbx.me/35tWMU."

15.     The generic spam text messages reproduced in paragraph 14 above contained a hyperlink to a website address that was owned and operated by Defendant and that encouraged recipients of the text message to utilize the promo code at one of Defendant's video rental kiosks.

16.     Defendant's use of an SMS short code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

17.     In fact, in its second message depicted above in paragraph 14, Defendant concedes that its messages are sent automatically rather than individually, describing them as "recurring autodialed marketing msgs".

18.     All of the complained-of text messages sent by Defendant to Plaintiff's cellular telephone number and to the numbers assigned to members of the putative Class defined below constituted "telemarketing" as defined by 47 C.F.R. § 64.1200(f)(12) & *id.* § 64.1200(a)(2), and "advertisements" as defined by 47 C.F.R. § 64.1200(f)(1), & *id.* § 64.1200(a)(2). This is because Defendant sent its text messages to Plaintiff and the unnamed Class members to market and

4

advertise the commercial availability of its goods and services, for the purpose of selling such goods and services to Plaintiff and the other members of the proposed Class for profit.

19. At no time did Plaintiff expressly consent in writing to receive autodialed text message advertisements sent by Defendant to Plaintiff's cellular telephone number.

## CLASS ALLEGATIONS

20. Plaintiff brings this action on behalf of herself, and a class of similarly situated individuals, defined as follows: All persons in the United States and its Territories to whom Defendant delivered one or more text messages promoting its goods or services without having obtained such persons' prior express written consent to be sent such messages, at any time during the four years preceding the filing of this action through the date on which any order is entered certifying this action as a class action.

21. There are thousands of members of the Class such that joinder of all members is impracticable.

22. Common questions of law and fact exist as to all members of the Class, and such questions predominate over questions affecting Plaintiff or individual members of the Class. Common questions for the Class include, but are not limited, to the following:

> (a) whether Defendant and/or its agents sent one or more text message advertisements to members of the Class;
>
> (b) whether Defendant and/or its agents used an automatic telephone dialing system to transmit the text message advertisements at issue;
>
> (c) whether Defendant can satisfy its burden to prove that it obtained the requisite prior express written consent of the persons to whom it delivered

5

the text message advertisements at issue prior to transmitting such messages, assuming any such consent-based affirmative defense is raised;

(d)     whether the wireless spam distributed by Defendant violated the TCPA;

(f)     whether Defendant's violations of the TCPA were committed willfully or knowingly, such that Plaintiff's and the Class' award of statutory damages should be trebled; and

(g)     whether Defendant should be enjoined from engaging in the complained-of conduct in the future.

23.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

24.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

25.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in distributing the wireless spam at issue, requiring

6

the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

26.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of Defendant's unlawful distribution of the wireless spam alleged herein.

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) on behalf of Plaintiff and the Class

27.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28.     Defendant made unsolicited commercial text calls to the wireless telephone numbers of Plaintiff and the other members of the Class using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial lists of such numbers without human intervention.

29.     These text message calls were made *en masse* through the use of a short code without the prior express written consent of Plaintiff.

30.     Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

31.     As a result of Defendant's illegal conduct, the members of the Class have had their privacy rights violated, have suffered statutory and actual damages, and under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

7

32.     To the extent Defendant knew or should have known that the Class members did not provide prior express written consent to be sent the wireless spam at issue, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1.     An order certifying the Class as defined above;

2.     An award of statutory damages;

3.     An injunction requiring Defendant to cease all wireless spam activities;

4.     An award of reasonable attorneys' fees and costs; and

5.     Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

June 6, 2019

SHAWAND EBANKS, individually and on behalf of a class of similarly situated individuals

/s/ Eugene Y. Turin
One of Plaintiff's Attorneys

Eugene Y. Turin
**MCGUIRE LAW, P.C.** (firm ID 56618)
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
Tel.: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgpc.com

8

Frank S. Hedin
HEDIN HALL, LLP
1395 Brickell Ave., Suite 900
Miami, FL 33131
Tel: (305) 357-2107
fhedin@hedinhall.com

*Counsel for Plaintiff and the Putative Class*

9

5326592

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | **FILED** |
| 2320 - Served By Mail | 2321 - Served By Mail | 6/6/2019 4:13 PM |
| 2420 - Served By Publication | 2421 - Served By Publication | DOROTHY BROWN |
| Summons - Alias Summons | | CIRCUIT CLERK |
| | (06/28/18) CCG 0001 | COOK COUNTY, IL |
| | | 2019CH06908 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

SHAWAND EBANKS

(Name all parties)  |  Case No. **2019CH06908**

v.

REDBOX AUTOMATED RETAIL, LLC

c/o CT Corporation System

208 S. LaSalle St., Suite 814
Chicago IL 60604

☑ **SUMMONS**  ☐ **ALIAS SUMMONS**

Hearing Date: 10/4/2019 9:30 AM - 9:30 AM
Courtroom Number: 2008
Location: District 1 Court
Cook County, IL

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

Witness: 6/6/2019 4:13 PM DOROTHY BROWN

Atty. No.: 56618

Atty Name: MCGUIRE LAW, P.C.

Atty. for: SHAWAND EBANKS

Address: 55 W. WACKER DR., 9th Fl.

City: CHICAGO          State: IL

Zip: 60601

Telephone: (312) 893-7002

Primary Email: eturin@mcgpc.com

Secondary Email: _____

Tertiary Email: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois    cookcountyclerkofcourt.org**

FILED DATE: 6/6/2019 4:13 PM    2019CH06908

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

• Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
6/6/2019 5:03 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH06908

5327652

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

SHAWAND EBANKS, individually and on behalf )
of classes of similarly situated individuals, )
                                    )       No. 2019-CH-06908
          *Plaintiff,*       )
                                      )       Hon. Sanjay T. Tailor
          v.              )
                                        )       Cal.: 9
REDBOX AUTOMATED RETAIL, LLC, )
                                        )
                                        )

## NOTICE OF MOTION

To:

REDBOX AUTOMATED RETAIL, LLC
c/o CT Corporation System
208 S. LaSalle St., Suite 814
Chicago IL 60604

On October 4, 2019 at 9:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Sanjay T. Tailor or any Judge sitting in that Judge's stead, in courtroom 2008, located at the Richard J. Daley Center, 50 W. Washington St., Chicago, Illinois 60602, and present *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.*

| **Name:** | McGuire Law, P.C. | **Attorney for:** Plaintiff |
| --- | --- | --- |
| **Address:** | 55 W. Wacker Dr., 9th Fl. | **City:** Chicago, IL 60601 |
| **Telephone:** | (312) 893-7002 | **Firm ID.:** 56618 |

- 1 -

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June 6, 2019, a copy of Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery was sent to Defendant's Registered Agent by way of first class mail by depositing the same in a United States Mailbox.

/s/ Eugene Y. Turin
Eugene Y. Turin, Esq.

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
6/6/2019 5:03 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH06908

5327652

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

SHAWAND EBANKS, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.

REDBOX AUTOMATED RETAIL, LLC,

     Defendant.

Case No. 2019-CH-06908

Hon. Sanjay T. Tailor

**JURY TRIAL DEMANDED**

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff Shawand Ebanks ("Plaintiff"), through her undersigned counsel, pursuant to 735 ILCS 5/2-801, hereby moves this Honorable Court for entry of an Order certifying the below-proposed Class, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary for the purposes of proving any element of 735 ILCS 5/2-801, that the Court defer consideration of Plaintiff's Motion for Class Certification pending a reasonable period to complete discovery, which has not yet commenced with respect to such issues. *See, e.g., Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). In support of her Motion, Plaintiff submits the following Memorandum of Law.

Dated: June 6, 2019

Respectfully submitted,

SHAWAND EBANKS, individually and on behalf
of a class of similarly situated individuals

By: /s/ Eugene Y. Turin
    One of Plaintiff's Attorneys

1

Eugene Y. Turin
**MCGUIRE LAW, P.C.** (firm ID 56618)
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
Tel.: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgpc.com

Frank S. Hedin
HEDIN HALL, LLP
1395 Brickell Ave., Suite 900
Miami, FL 33131
Tel: (305) 357-2107
fhedin@hedinhall.com

*Counsel for Plaintiff and the Putative Class*

2

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR CLASS CERTIFICATION OR, ALTERNATIVELY,
## FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

This Court should a national class of cellular telephone consumers who received unauthorized text messages from Defendant REDBOX AUTOMATED RETAIL, LLC, ("Defendant" or "Redbox"). As part of an effort by Defendant to promote its products and services, Defendant violated federal law by transmitting, *en masse*, unauthorized text message advertisements to the cellular telephones of consumers in Illinois and elsewhere in the surrounding region. After receiving such unauthorized text messages from Defendant, Plaintiff Ebanks brought suit on behalf of a nationwide class, alleging that Defendant's misconduct violates the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

### THE TCPA

"In enacting the TCPA [in 1991], Congress noted the nuisance of rampant telemarketing and the consequent costs of money, time, and the invasion of privacy to consumers." *See Abbas v. Selling Source, LLC*, No. 09CV3413, 2009 WL 4884471, at *7 (N.D. Ill. Dec. 14, 2009) (internal citations omitted); *see also Mims v. Arrow Financial Services*, 132 S.Ct. 740, 744 (2012); *Lozano v. Twentieth Century Fox*, 702 F. Supp. 2d 999, 1008 (N.D. Ill. 2010). Consequently, the TCPA prohibits parties from making:

> any call (other than a call made for emergency purposes *or made with the prior express consent of the called party*) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

The Federal Communication Commission – which, under 47 U.S.C. § 227(b)(2), is required to "prescribe regulations to implement the requirements" of the TCPA – has made clear that the transmission of text messages falls under the purview of the TCPA. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. R. 14014, 14115, 2003 WL 21517853 (2003) (ruling that the TCPA prohibition on unsolicited calls "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls provided the call is made to a telephone number assigned to such service.")

The TCPA sets statutory damages in the amount of $500.00 per violation, with an allowance for trebling. *See* 47 U.S.C. § 227(b)(3)(B-C).

## THE FACTS

Typical of most actions brought under the TCPA, the facts in this case are relatively straightforward. Defendant is the operator of a national DVD, Blu-ray, and video game rental service. (Complaint at ¶ 6.) In an effort to promote its products and services Defendant began to send spam text message advertisements to individuals it hoped would be potential customers. (*Id.* at ¶¶ 13–14.) To place these calls, Defendant employed certain technology allowing for the bulk transmission of text messages—equipment that the FCC has found to be an "automatic dialing system" subject to the provisions of the TCPA. (*Id.* ¶¶ 14, 28–29.) However, Defendant failed to obtain the necessary written consent from recipients of its messages, including Plaintiff, that is required under the TCPA to send such automated text message advertisements. (*Id.* at ¶¶ 19, 29.) Even though Plaintiff never provided written consent to receive text message advertisements from Redbox, Plaintiff has received numerous such messages from Defendant in violation of the TCPA. (*Id.* at ¶¶ 14, 19.)

4

*The Proposed Class*

Plaintiff seeks to represent a nationwide Class defined as: All persons in the United States and its Territories to whom Defendant delivered one or more text messages promoting its goods or services without having obtained such persons' prior express written consent to be sent such messages, at any time during the four years preceding the filing of this action through the date on which any order is entered certifying this action as a class action.

As explained below, the Class defined above clearly satisfy each of the four certification prongs under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. In the end, a class action is not only appropriate here, it is also the only way that the members of the punitive Class listed above will obtain appropriate redress for Defendant's unlawful conduct.

## ARGUMENT

### I.   Standards for Class Certification

To obtain class certification, it is not necessary for the plaintiff to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.") (internal quotation marks and citation omitted). As such, in determining whether to certify a proposed class, the court accepts the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 880 N.E.2d 653, 655 (Ill. App. Ct. 2007).

To proceed with a class action, the Plaintiff must demonstrate "prerequisites for the maintenance of a class action" as set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

5

An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1)     The class is so numerous that joinder of all members is impracticable.

(2)     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)     The representative parties will fairly and adequately protect the interest of the class.

(4)     The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and, therefore, "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 819 (Ill. App. Ct. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 880 N.E.2d at 656. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs . . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (citations omitted).

6

Accordingly, as explained further below, all the prerequisites for class certification have been met here, despite the fact that Plaintiff has not yet had an opportunity to engage in any discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending discovery and submission of supplemental briefing.

## A. The Requirement of Numerosity Is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "to join such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 586 N.E.2d 461, 464 (Ill. App. Ct. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 371 N.E.2d 634, 642–43 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members, but must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are thousands of members of the Punitive Class listed above. (Compl. ¶ 21.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where class numerosity information is in the possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling.) In this case, the allegations of the Complaint, as well as common sense based on the Defendant's practices, adequately demonstrate numerosity. The nature of Defendant's business is such that these text messages are automatically generated and sent to thousands of potential customers that

7

Defendant hopes will visit its kiosks, and Defendant's use of generic messages and a short code to send these messages underscores the fact that these messages were sent *en masse* to lists of cellular telephone numbers. (Complaint at ¶¶ 13–17, 28–29.) The number of Class members is almost certainly in the thousands, a number that more than satisfies the numerosity requirement. *See Kulins v. Malco, A Microdot Co., Inc.*, 459 N.E.2d 1038, 1046 (Ill. App. Ct. 1984) (finding that in Cook County, 30 class members was sufficient to satisfy numerosity to lessen the backlog of cases before the court); *Carrao v. Health Care Serv. Corp.*, 454 N.E.2d 781, 789 (Ill. App. Ct. 1983) (allegation in complaint of over 1,000 class members clearly supports finding that joinder would be impracticable).

There is little question that there is a sufficient number of Class members to satisfy the numerosity requirement. Additionally, the members of the putative Class here can be easily and objectively identified from the records of Defendant, its agents, and telephone carriers, once those records are produced. Furthermore, joinder of the Class members claims would be completely impracticable because members of the proposed Class are disbursed throughout the state, and possible the country, and because each proposed Class member's claim is relatively small such that absent a class action, few individuals could afford to bring an individual lawsuit over the amounts at issue. *See Gordon*, 586 N.E.2d at 464. Accordingly, the first prerequisite for class certification is met.

## B.    Common Questions of Law and Fact Predominate

The second hurdle imposed by Section 2-801(2) is overcome where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar

FILED DATE: 6/6/2019 5:03 PM    2019CH06908

misconduct. *See Miner v. Gillette Co.,* 428 N.E.2d 478, 483 (Ill. 1981); *Steinberg,* 371 N.E.2d at 644–45. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell,* 472 N.E.2d 883, 885–86 (Ill. App. Ct. 1984).

Class certification is not defeated even if there is some possibility that "separate proceedings of some character will be required to determine the entitlements of the individual class members to relief." *Carnegie v. Household Int'l Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). While the common issues must predominate, they "need not be exclusive." *Maxwell v. Arrow Fin. Servs., LLC*, No. 03-cv-1995, 2004 WL 719278, at \*5 (N.D. Ill. Mar. 31, 2004); *see also Pleasant v. Risk Mgmt. Alternatives, Inc.*, No. 02-cv-6886, 2003 WL 22175390, at \*5 (N.D. Ill. Sept. 19, 2003) (certifying class where "the central factual inquiry will be common to all" the class members); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 242 (N.D. Ill. 2001) (finding predominance met in class action where liability is predicated on the same legal theory and the same alleged misconduct). In fact, common legal and factual issues have been found to predominate in other TCPA class actions where the class members' claims arose under the TCPA and where the claims focused on the same course of conduct by the defendants. *See, e.g., CE Design v. Beaty Const., Inc.*, 07-cv-3340, 2009 WL 192481, \*5 (N.D. Ill. Jan. 26, 2009); *Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292, 294–95 (N.D. Cal. 2013).

As alleged in this case, all members of the proposed Class share a claim that arose out of the same activity of Defendant, that is based on the same legal theory, and that implicates the following issues of fact: whether Defendant sent text message advertisements to the cellular phones of persons who did not provide Defendant with written consent to send such messages, whether Defendant used automated dialing technology to send such text messages, whether Defendant's unauthorized conduct was willful, and whether Defendant should be enjoined from

9

engaging in such conduct.

As alleged, and as will be set forth in the evidence to be obtained, it cannot be disputed that Defendant engaged in a common course of conduct by sending, or causing to be sent via its agents, hundreds or thousands of nearly identical unauthorized messages from an identical short code to the members of the Class. *See Kavu v. Omnipak Corp.*, 246 F.R.D. 642, 647 (W.D. Wash. 2007) (finding commonality satisfied where defendant engaged in a common course of conduct by obtaining a list of fax numbers in the same way and sending the same fax to all recipients on the list in a short amount of time in an effort to generate business); *CE Design Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135, 141 (N.D. Ill. 2009). Any potential individual issues remaining after the above common issues are decided would be *de minimis* in comparison to these common issues. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this low hurdle to certification.

## C.   Adequate Representation

The third element of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The Class Representative's interests must be generally aligned with those of the members of the Class, and Class Counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 428 N.E.2d at 482; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 574 N.E.2d 760, 763 (Ill. App. Ct. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 530 N.E.2d 994, 1000 (Ill. App. Ct. 1988); *Gordon*, 586 N.E.2d at 466.

10

In this case, Plaintiff has the same interests as the proposed members of the Class – all have allegedly received unauthorized text message advertisements from Defendant in violation of the TCPA – and her pursuit of this matter has demonstrated that she will be a zealous advocate for the Class.

Further, proposed class counsel has regularly engaged in major complex and class action litigation and has extensive experience in consumer class action lawsuits involving telephone technology. (*See* Declaration of Eugene Y. Turin ("Turin Decl."), attached hereto, at ¶ 5.) Proposed class counsel also has an in-depth knowledge of the substantive law at issue in this case, having been involved in other TCPA class actions. (*Id.*) Further, Plaintiff's counsel has been appointed as class counsel in several complex consumer class actions, including similar TCPA class actions. *See, e.g., Valladares et al v. Blackboard, Inc.* (Cir. Ct. Cook County, Ill. 2016); *Hooker et al. v. Sirius XM Radio, Inc.* (E.D. Va. 2016); *Seal et al. v. RCN Telecom Services, LLC*, (Cir. Ct. Cook County, Ill. 2017). Accordingly, the proposed Class representative and proposed class counsel will adequately protect the interests of the Class, satisfying Section 2-801(3).

## D.      Fair and Efficient Adjudication of the Controversy

The final prerequisite to class certification is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 586 N.E.2d at 467. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Id.*; *Purcell & Wardrope Chtd*, 530 N.E.2d at 1001 ("the

11

predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute.") Thus, the fact that numerosity, commonality and predominance, and adequacy of representation have been demonstrated in the instant case makes it "evident" that the appropriateness requirement is satisfied as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of consumer protection.") A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claim to be prohibitive, and such multiple individual actions would be judicially inefficient.

Certification of the proposed Class is another needed step toward ensuring that consumers cease being harassed by unauthorized SMS messages and also to compensate those individuals who have had had their statutorily-protected privacy rights violated and/or who have wrongfully been charged money for such SMS messages. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of members of the Class would be able to obtain redress or that Defendant would willingly cease sending unauthorized text message advertisements. Accordingly, proceeding with this matter as a class action is an appropriate method to fairly and efficiently adjudicate the controversy.

12

## CONCLUSION

For the reasons discussed above, the requirements of 735 ILCS 5/2-801 are satisfied. Therefore, Plaintiff Shawand Ebanks respectfully requests that the Court enter an order certifying the proposed Class pursuant to Section 2-801 of the Code of Civil Procedure, appointing Plaintiff as Class Representative, appointing Eugene Y. Turin of McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable and just. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated:  June 6, 2019                             Respectfully submitted,

                                                 SHAWAND EBANKS, individually and on behalf
                                                 of a class of similarly situated individuals

                                                 By: /s/ Eugene Y. Turin
                                                       One of Plaintiff's Attorneys

Eugene Y. Turin
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgp.com

Frank S. Hedin
HEDIN HALL, LLP
1395 Brickell Ave., Suite 900
Miami, FL 33131
Tel: (305) 357-2107
fhedin@hedinhall.com

*Counsel for Plaintiff and the Putative Class*

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

SHAWAND EBANKS, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

REDBOX AUTOMATED RETAIL, LLC,

        Defendant.

Case No. 2019-CH-06908

Hon. Sanjay T. Tailor

**JURY TRIAL DEMANDED**

## DECLARATION OF EUGENE Y. TURIN

I, Eugene Y. Turin, hereby aver, pursuant to 735 ILCS 5/1-109, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and would testify thereto if called as a witness in this matter.

1.    I am an adult over the age of 18 and a resident of the State of Illinois.

2.    I am fully competent to make this Declaration and I do so in support of Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.

3.    I am an associate of the law firm McGuire Law, P.C. I am licensed to practice law in the State of Illinois, and I am one of the attorneys representing the Plaintiff in this matter.

4.    McGuire Law, P.C. is a litigation firm based in Chicago, Illinois that focuses on class action litigation, representing clients in both state and federal trial and appellate courts throughout the country.

5.    The attorneys of McGuire Law, P.C. have regularly engaged in complex litigation on behalf of consumers and have extensive experience prosecuting class action lawsuits similar in

1

size and complexity to the instant case. I and/or attorneys at my firm have served as class counsel in numerous complex consumer class actions. *See, e.g.*, *Shen et al v. Distributive Networks, Inc.* (N.D. Ill. 2007); *McFerren et al v. AT&T Mobility, LLC* (Sup. Ct. Fulton County, Ga. 2008); *Gray et al v. Mobile Messenger Americas, Inc. et al.,* (S.D. Fla. 2008); *Gresham et al v. Keppler & Associates, LLC et al.,* (Sup. Ct. Los Angeles County, Cal. 2008); *Weinstein et al v. The Timberland Co., et al.* (N.D. Ill. 2008); *Sims et al v. Cellco Partnership* et al., (N.D. Cal. 2009); *Van Dyke et al v. Media Breakaway, LLC et al.,* (S.D. Fla. 2009); *Paluzzi, et al. v. mBlox, Inc., et al.,* (Cir. Ct. Cook County, Ill. 2009); *Valdez et al v. Sprint Nextel Corporation* (N.D. Cal. 2009); *Parone et al v. m-Qube, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2010); *Satterfield et al v. Simon & Schuster* (N.D. Cal. 2010); *Espinal et al v. Burger King Corporation et al.,* (S.D. Fla. 2010); *Lozano v. Twentieth Century Fox*, (N.D. Ill. 2011); *Williams et al v. Motricity, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Walker et al v. OpenMarket, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Schulken at al v. Washington Mutual Bank, et al.*, (N.D. Cal. 2011); *In re Citibank HELOC Reduction Litigation* (N.D. Cal 2012); *Kramer et al v. Autobytel* et al., (N.D. Cal. 2011); *Rojas et al v. Career Education Co.* (N.D. Ill. 2012); *Ellison et al v. Steven Madden, Ltd.* (C.D. Cal. 2013); *Robles et al v. Lucky Brand Dungarees, Inc.* et al., (N.D. Cal. 2013); *Pimental et al v. Google, Inc. et al.,* (N.D. Cal. 2013); *In re Jiffy Lube Spam Text Litigation* (S.D. Cal. 2013); *Lee et al v. Stonebridge Life Ins. Co. et al.*, (N.D. Cal. 2013); *Gomez et al v. Campbell-Ewald Co.* (C.D. Cal. 2014); *Murray et al. v. Bill Me Later, Inc.*, 12-cv-4789 (N.D. Ill. 2014); *Valladares et al v. Blackboard, Inc.* (Cir. Ct. Cook County, Ill. 2016); *Hooker et al. v. Sirius XM Radio, Inc.* (E.D. Va. 2016); *Seal et al. v. RCN Telecom Services, LLC*, (Cir. Ct. Cook County, Ill. 2017); *Manouchehri, et al. v. Styles for Less, Inc., et al.*, (S.D. Cal. 2017); *Vergara et al. v. Uber Technologies, Inc.* (N.D. Ill. 2017); *Flahive et al v. Inventurus Knowledge Solutions, Inc.* (Cir. Ct.

2

Cook County 2017).

6. I am a graduate of Loyola University Chicago School of Law. I have been practicing law since 2014 and have been admitted to practice in the Illinois Supreme Court and in the U.S. District Court for the Northern District of Illinois.

7. McGuire Law, P.C. has diligently investigated the facts and claims in this matter and will continue to diligently investigate and prosecute this matter. McGuire Law, P.C. has also dedicated substantial resources to this matter and will continue to do so. McGuire Law, P.C. has the financial resources necessary to fully prosecute this action through trial and to provide the necessary and appropriate notice to the class members should this proposed class be certified.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2019, in Chicago, Illinois.

/s/ Eugene Y. Turin
Eugene Y. Turin

3