**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MARIA JARA, individually and on behalf of a class of similarly situated individuals, ) ) ) ) *Plaintiff*, ) ) v. ) ) REDBOX AUTOMATED RETAIL, LLC, ) ) *Defendant*. ) | No. 19-cv-04532 Hon. Virginia M. Kendall Magistrate Judge Jeffrey Cummings |

**JOINT INITIAL STATUS REPORT**

**1.    The attorneys of record for each party, including the lead trial attorney.**

Plaintiff's attorney of record and lead trial counsel:

Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL  60601
Tel: (312) 893-7002
eturin@mcgpc.com

Frank S. Hedin
Hedin Hall, LLP
1395 Brickell Ave, Suite 900
Miami, Florida 33131
Tel: (305) 357-2107
fhedin@hedinhall.com

Defendant's attorney of record and lead trial counsel:

Martin W. Jaszczuk
Margaret M. Schuchardt
Tamra Miller
JASZCZUK, P.C.
311 South Wacker Drive, Suite 3200
Chicago, IL 60606
Tel: (312) 442-0509
Fax: (312) 442-0519
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com
tmiller@jaszczuk.com

**2.    The basis for federal jurisdiction.**

This Court has subject matter jurisdiction over Plaintiff's claims of alleged violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 28 U.S.C. § 1331.

**3.    The nature of the claims asserted in the complaint and any expected counterclaims.**

This is an action against Defendant for alleged violations of the TCPA. Plaintiff alleges that in or about November 2018 Defendant began to send her text messages advertising its goods and services even though Plaintiff had never provided the necessary written consent to send such messages. Plaintiff accordingly alleges that such text messages were in violation of the TCPA and seeks statutory and actual damages in an amount of a minimum of $500.00 for each such alleged violation of the TCPA. Plaintiff further seeks certification of a Class of similar situated individuals who also allegedly received such unauthorized messages and that the case proceed as a Class Action, as well as injunctive relief.

Defendant has brought a Motion to Dismiss, as described below. Defendant otherwise denies any wrongdoing.

**4.    Identify any parties that have not yet been served.**

Defendant was provided notice of the complaint and removed this case from state court on July 3, 2019. (Dkt. 1.)

**5.    The principal legal issues in the case.**

The principal legal issues in this case include (1) whether Defendant utilized an Automatic Telephone Dialing System ("ATDS") to send text messages to Plaintiff and putative class members; (2) whether Defendant obtained appropriate consent to send text messages to Plaintiff and putative class members; (3) whether Plaintiff and/or putative class members received text messages intended for others, and, if so, whether Defendant is liable under the TCPA for such text

messages; and (4) whether class certification is appropriate under the circumstances.

**6.     The principal factual issues in the case.**

The principal factual issues in this case include (1) the characteristics of the dialing system used to send text messages to Plaintiff and putative class members; (2) whether Plaintiff and putative class members consented to receive text messages from Defendant; (3) whether Plaintiff and/or putative class members received text messages intended for others; and (4) whether the members of the putative class Plaintiff seeks to represent can be identified.

**7.     Whether a jury trial is expected by either party.**

Plaintiff has asserted a jury demand.

**8.     A short description of any discovery undertaken to date and any anticipated in the future.**

There has been no discovery undertaken to date.  Plaintiff anticipates taking discovery on, among other matters; the functionality of the dialing equipment used by Defendant to send the text messages at issue, Defendant's efforts to obtain written consent to send text message advertisements, Defendant's policies for verifying consent to send text message advertisements, and Defendant's records identifying individuals who received the text message advertisements at issue and any associated records of written consent.

Defendant anticipates taking discovery on, among other matters, (1) the text messages Plaintiff and putative class members allegedly received; (2) Plaintiff's and putative class members' ownership of the numbers at which they allegedly received text messages from Defendant; (3) the circumstances under which Plaintiff's and putative class members' telephone numbers were provided to Defendant; and (4) the Plaintiff's and putative class members' communications with Defendant.

**9. An agreed discovery proposal including whether expert discovery will be required.**

Plaintiff's position:

Plaintiff argues that discovery should proceed pending resolution of Defendant's Motion to Dismiss and proposes that following discovery schedule:

|  |  | **Deadline** |
|---|---|---|
| 1. | Initial Disclosures | October 31, 2019 |
| 2. | Deadline to Add Parties/Amend Pleadings | January 31, 2020 |
| 3. | Fact Discovery Cut-Off | May 29, 2020 |
| 4. | Plaintiff's Opening Expert Disclosures | June 30, 2020 |
| 5. | Defendant's Rebutal Expert disclosures | July 31, 2020 |
| 6. | Plaintiff's Motion for Class Certification to be filed | September 30, 2020 |
| 7. | Dispositive Motion Deadline | 30 days after the Court's ruling on class certification |

Defendant's Position:

Defendant submits that, under the Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project (as Amended December 1, 2018), discovery should not proceed until Defendant's pending motion to dismiss is ruled upon. *See* Amended Standing Order, § A(3)-(4). This is Plaintiff's second attempt at alleging a claim against Defendant (Plaintiff Ebanks, who filed the initial complaint on June 6, was recently abruptly abandoned and a new plaintiff, Ms. Jara, was substituted in the Amended Complaint filed on September 17). For the reasons set forth in Defendant's Motion to Dismiss (Dkt. 20), Defendant believes that Plaintiff's Amended Complaint should be dismissed and, as discussed in section III of that brief, that dismissal should in this

instance be *with prejudice*. Accordingly, in order to conserve party resources, Defendant suggests that discovery should not commence until a ruling issues on Defendant's Motion to Dismiss.

**10.    The earliest date the parties will be ready for trial and the length of the trial.**

The Parties estimate that the case will be ready for trial no earlier than August 2021, following briefing on a decision on both Plaintiff's motion for class certification and any dispositive motions filed by Defendant.

**11.    Whether the parties unanimously consent to proceed before the Magistrate Judge.**

The Parties do not unanimously consent to proceed before the Magistrate Judge.

**12.    The status of any settlement discussions and whether the parties request a settlement conference.**

The Parties have held preliminary discussions about potential settlement of this matter but have not exchanged any settlement offers at this time. The Parties do not believe that a settlement conference would be productive at this time.

Dated: October 8, 2019

By: /s/ Eugene Y. Turin

Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: 312-893-7002
eturin@mcgpc.com

Frank S. Hedin
Hedin Hall, LLP
1395 Brickell Ave, Suite 900
Miami, Florida 33131
Tel: (305) 357-2107
fhedin@hedinhall.com

Attorneys for Plaintiff

By: /s/ Martin W. Jaszczuk

Martin W. Jaszczuk
Margaret M. Schuchardt
Tamra Miller
JASZCZUK, P.C.
311 South Wacker Drive, Suite 3200
Chicago, IL 60606
Tel: (312) 442-0509
Fax: (312) 442-0519
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com
tmiller@jaszczuk.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 8, 2019, I electronically filed the foregoing *Joint Initial Status Report* with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

| | |
|---|---|
| Dated: October 8, 2019 | By: /s/ Eugene Y. Turin |
| |    Eugene Y. Turin |