UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA JARA, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>REDBOX AUTOMATED RETAIL, LLC,<br><br>  Defendant. | Judge Hon. Virginia M. Kendall<br>Magistrate Judge Hon. Jeffrey Cummings<br><br>No. 1:19-cv-04532 |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

In her Amended Complaint, Plaintiff alleges that she received texts promoting Redbox's products and services even though she is not a Redbox user. Plaintiff's explanation for this is that Defendant sent these text messages to her, and purportedly others, without "confirm[ing] that the telephone numbers to which Defendant sent the automated text message advertisements actually belonged to the persons who supposedly provided them and/or consented to receive such messages." Compl., ¶14. In other words, Plaintiff received text messages intended for somebody else. This fact undermines any suggestion that Plaintiff's number was dialed randomly or sequentially, and is underscored by the absence of any affirmative allegations (even conclusory ones) that the technology used to send the texts at issue comprises an ATDS as defined by statute. Plaintiff has not stated a claim under the TCPA, and the Amended Complaint should be dismissed.

**Argument**

Plaintiff's Amended Complaint alleges that she received text messages from Defendant by mistake, and also alleges that these texts were sent using technology that may or may not have

had the capacity to generate and dial numbers randomly or sequentially. Separately or together, these allegations defeat any ATDS-based TCPA claim. Perhaps implicitly recognizing this, Plaintiff attempts in her opposition to re-word the allegations in the Amended Complaint to add language that supports Plaintiff's position and omit language that doesn't, and then falls back on case law that is either outdated or non-binding to justify her allegations as pled. These efforts are unavailing. Plaintiff's Amended Complaint simply does not plausibly allege that Defendant sent texts to Plaintiff using a random or sequential number generator.

      A.      **Plaintiff Has Not Pled the Appropriate Legal Standard.**

The Amended Complaint asserts that "the hardware and software used by Defendant to send [] messages have the capacity to store, produce, and dial random or sequential numbers, or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion and without human intervention." Compl., ¶ 21. This statement cannot reasonably be interpreted to allege anything other than that Plaintiff was texted with dialing equipment that ***either*** had the capacity to store, produce, and dial random or sequential numbers ***or*** had the capacity to receive and store lists of telephone numbers, and to dial such numbers. Yet Plaintiff insists otherwise.

Plaintiff contends that the Amended Complaint should be read to allege that Defendant's equipment had the capacity "to *both* 'produce, and dial random or sequential numbers' ***or*** dial 'lists of telephone numbers'". Opp., p. 5, citing Compl., ¶ 21 (emphasis in original). But no such allegation appears in the Amended Complaint. To begin with, the word "both," while included, and even italicized, in Plaintiff's opposition, is nowhere to be found in Paragraph 21 of the Amended Complaint. Even if it were, the resulting allegation would have been grammatically incomprehensible. Plaintiff has clearly not alleged that she was texted using a

random or sequential number generator; instead, Plaintiff has alleged that she may have received texts from a device that merely stored and dialed numbers from a list, which negates any plausible suggestion that an ATDS was used here. *See Johnson v. Yahoo!, Inc.*, 346 F. Supp. 3d 1159, 1162 (N.D. Ill. 2018) ("Curated lists developed without random or sequential number generation capacity fall outside the statute's scope."). Plaintiff cannot revise the Amended Complaint's allegations in her opposition to the pending motion to dismiss in an attempt to salvage her claims. *See Wilbourn v. Chi. Transit Auth.*, No. 14 CV 6327, 2015 U.S. Dist. LEXIS 24543, at *5 (N.D. Ill. Mar. 2, 2015) (" . . . a plaintiff cannot supplement his deficient complaint in a response brief.").

In an effort to excuse this lapse, Plaintiff posits that she need not plead the use of a random or sequential number generator. Instead, Plaintiff asks this Court to disregard the plain language of the TCPA and follow the Ninth Circuit's decision in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018), in which the court concluded:

> Despite the ambiguity of the statutory definition of ATDS, reading the definition "in [its] context and with a view to [its] place in the overall statutory scheme," . . . we conclude that the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a "random or sequential number generator," but also includes devices with the capacity to dial stored numbers automatically. Accordingly, we read § 227(a)(1) to provide that the term automatic telephone dialing system means equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers.

*Marks*, 904 F.3d at 1052. But this Court is not bound by the 9th Circuit's conclusions on this issue, and the *Marks* court's reasoning has been expressly rejected in this District. Specifically, the court in *Gadelhak v. AT&T Servs.*, No. 17-cv-01559, 2019 U.S. Dist. LEXIS 55200, at *14-15 (N.D. Ill. Mar. 29, 2019) analyzed the issue as follows:

> Under the TCPA, an ATDS has "the capacity to store or produce telephone numbers to be called, using a random or sequential number generator," and then call the

3

> numbers. 47 U.S.C. § 227(a)(1). Gadelhak asserts that the phrase "using a random or sequential number generator" modifies only the verb "produce," and has no effect on the verb "store." . . . Gadelhak cites to the Ninth Circuit opinion in *Marks v. Crunch San Diego, LLC* to support this argument . . . In *Marks*, the Ninth Circuit defined ATDS as "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers." . . . The court came to this conclusion after examining § 227(a)(1), other provisions of the TCPA, and the legislative history of the statute . . . This Court respectfully disagrees with the Ninth Circuit's holding in *Marks* and Gadelhak's argument here.

*Gadelhak*, 2019 U.S. Dist. LEXIS 55200, at *14-15. Other courts in this District have similarly concluded that random or sequential number generation is a necessary attribute of an ATDS. *See Folkerts v. Seterus*, No. 17 C 4171, 2019 U.S. Dist. LEXIS 42347, at *17 (N.D. Ill. Mar. 25, 2019) (". . . equipment that merely has the ability to dial numbers from a stored list, as opposed to producing numbers using a random or sequential number generator, does not qualify as an ATDS."); *Johnson*, 346 F. Supp. 3d at 1162 ("The phrase 'using a random or sequential number generator' applies to the numbers to be called and an ATDS must either store or produce those numbers (and then dial them)."). There is no reason for this Court to reach a contrary conclusion on the basis of Plaintiff's speculation that the 7th Circuit may choose to follow *Marks* at some point in the future.

In addition to *Marks*, Plaintiff supports the legal standard pled in the Amended Complaint by citing a number of cases that pre-date *ACA International*. *See Izsak v. Draftkings, Inc.*, 191 F. Supp. 3d 900, 904 (N.D. Ill. 2016); *Sojka v. DirectBuy, Inc.*, 35 F. Supp. 3d 996, 1002-1004 (N.D. Ill. 2014); *Johansen v. Vivant, Inc.*, No. 12-cv- 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012). Those decisions provide no guidance here, where the question that must be answered is whether Plaintiff has sufficiently alleged that she was texted using a random or sequential number generator. In the post-*ACA* landscape, in the Seventh Circuit, the answer is clearly no. *See Bader v. Navient Sols.*, No. 18-cv-1367, 2019 U.S. Dist. LEXIS 100396, at *6

(N.D. Ill. June 14, 2019) (" . . . *ACA International* establishes that [the plaintiff] must assert facts that make it plausible [the defendant] used equipment with the capabilities to generate numbers randomly in order to allege the use of an autodialer."). *Accord Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 939 (N.D. Ill. 2018) (granting defendant's motion for judgment on the pleadings where plaintiff did not "plausibly allege that he was called with a device that has the capacity to store or produce numbers that have been randomly or sequentially generated."); *see also Snow v. GE*, No. 5:18-CV-511, 2019 U.S. Dist. LEXIS 99760, at *11 (E.D.N.C. June 14, 2019) (dismissing TCPA claim where plaintiff failed to allege facts "permitting an inference that the text messages plaintiff received were sent using equipment that stores or produces numbers to be called 'using a *random* or *sequential number* generator.'") (citations omitted) (emphasis in original).[1]

### B.     Plaintiff Has Not Alleged Facts Supporting the Appropriate Legal Standard.

Finally, even if Plaintiff had alleged the appropriate legal standard, Plaintiff's factual allegations fail to plausibly suggest that her number was texted as the result of random or sequential number generation.  First, the substance of the texts plainly indicates that they were intended for Redbox users, rather than random recipients.  Moreover, Plaintiff herself suggests that she received the texts because her number was given to Redbox by someone other than her; specifically, Plaintiff claims that Redbox "failed to implement proper procedures to confirm that

---

[1] The few post-*ACA* cases Plaintiff relies upon do not dictate a contrary result.  In *Yates v. Checkers Drive-In Rests., Inc.*, No. 17-cv-9219, 2019 U.S. Dist. LEXIS 55103, at *5 (N.D. Ill. Apr. 1, 2019), the plaintiff expressly alleged that the dialing equipment at issue had the capacity to store, produce, and dial random and sequential numbers.  Similarly, the plaintiff in *Zeidel v. Nat'l Gas & Elec., LLC*, No. 18 CV 06792, 2019 U.S. Dist. LEXIS 83988, at *2 (N.D. Ill. May 17, 2019) alleged that the defendant's system had the capacity to store and/or produce telephone numbers to be called, using a random or sequential number generator.  The court in *Abe v. Hyundai Motor America, Inc.*, No. 19-cv-699, ECF No. 30 at 7 (C.D. Cal. Aug. 27, 2019) adhered to *Marks*, which was binding precedent in that court.

the telephone numbers to which Defendant sent the automated text message advertisements actually belonged to the persons who supposedly provided them and/or consented to receive such messages." Compl., ¶ 14.[2] The allegations of the Amended Complaint, and the reasonable inferences arising therefrom, make plain that Plaintiff received texts that were targeted toward a Redbox user. As a result, the Amended Complaint cannot state a TCPA claim. *See Snow*, 2019 U.S. Dist. LEXIS 99760, at *12-13 ("Because plaintiff alleges that the text messages she received were intended for the prior owner or holder of her reassigned number, a targeted recipient, and because of the alleged content of the messages, it is not reasonable to infer that the messages were sent with equipment 'using a random or sequential number generator.'").

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendant's Motion to Dismiss and Memorandum in Support, Defendant respectfully requests that the Amended Complaint be dismissed with prejudice.

Dated: November 7, 2019

Respectfully submitted,

By: */s/ Martin W. Jaszczuk*
Martin W. Jaszczuk
Margaret M. Schuchardt
Tamra Miller
JASZCZUK P.C.
311 South Wacker Drive, Suite 3200
Chicago, IL 60606
Telephone: (312) 442-0509
Facsimile: (312) 442-0519
mjaszczuk@jaszczuk.com

---

[2] In her opposition, Plaintiff claims that "Defendant provides no factual support for its conclusion that Plaintiff received the messages in error . . ." (Opp., p. 9), but that conclusion follows from the allegations in the Amended Complaint. Plaintiff cannot backtrack on those allegations in a further attempt to retroactively amend the Amended Complaint. *See Wilbourn*, 2015 U.S. Dist. LEXIS 24543, at *5.

## **CERTIFICATE OF SERVICE**

  I, Margaret M. Schuchardt, an attorney, certify that I caused the foregoing to be served upon all persons and entities registered and authorized to receive such service through the Court Case Management / Electronic Case Files (CM/ECF) system on November 7, 2019.

               _/s/ Margaret M. Schuchardt_