IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA JARA, *individually and on behalf of similarly situated individuals*<br><br>*Plaintiff*,<br><br>v.<br><br>REDBOX AUTOMATED RETAIL, LLC,<br><br>*Defendant*. | No. 19 C 4532<br><br>Judge Virginia M. Kendall |

**MEMORANDUM OPINION ORDER**

Plaintiff, Maria Jara, on behalf of herself and a putative class, filed an amended class action complaint (Dkt. 17) against Defendant, Redbox Automated Retail, LLC, asserting a claim for relief pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Before the Court is Defendant's motion to dismiss for failure to state a claim. (Dkt. 19.) For the reasons set forth below, the motion is denied.

**BACKGROUND**

The Court assumes that the following facts taken from Plaintiff's First Amended Complaint are true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

In 2018 and 2019, Defendant Redbox sent three SMS text messages to Plaintiff and members of the putative class. (Dkt. 17 at ¶ 13). Defendant sent all of the texts from the number "727272," which is an SMS short code operated by Redbox. (*Id.* ¶ 15). The first text message read: "Redbox On Demand: New Users Get 50% OFF your rental when you long in. RENT Crazy Rich Asians, The Meg & more. Stream Now: http//m.rbx.me/G5NLAP Ends 12/4/18." (*Id.*). Plaintiff

1

received similar SMS text messages from Redbox on January 10, 2019 and June 26, 2019. (*Id.* ¶ 16–17.) Each of these texts encouraged the recipients to enroll in Redbox's services and to use promotion codes. (*Id.* ¶ 18.)

Plaintiff asserts that she did not, at any time, consent to receiving these text messages. (*Id.* ¶ 23.) Plaintiff also asserts that Redbox sent these non-personalized messages to members of the putative class using an automated telephone dialing system ("ATDS"). (*Id.* ¶ 20.) In support of her assertion that Redbox used an ATDS to send these messages, Jara alleges that Redbox sent the messages from a short-code telephone number and that "the hardware and software used by Defendant to send such messages have the capacity to store, produce, and dial random or sequential numbers, or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention." (*Id.* ¶ 21.)

On October 1, 2019, Redbox filed a motion (Dkt. 19) to dismiss for failure to state a claim on the grounds that Jara fails to plausibly allege that Redbox used an ATDS.

## LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all factual allegations in the amended complaint and draw all permissible inferences in [the plaintiff]'s favor." *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To state a claim upon which relief may be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In analyzing whether a complaint meets this standard, the "reviewing court [must] draw on its judicial

experience and common sense." *Iqbal*, 556 U.S. at 679. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## DISCUSSION

To state a claim under the TCPA for receipt of unsolicited text messages, Plaintiff must allege that Defendant, using an ATDS, sent a text message to a telephone number assigned to a cellular phone service without obtaining the recipient's prior authorization. 47 U.S.C. § 227(b); 47 C.F.R. § 64.1200(a)(1); *see also Zeidel v. YM LLC USA*, 13-CV-6989, 2015 WL 1910456, at *2 n.2 (Apr. 27, 2015) (finding that the TCPA's prohibition of certain "calls" applies equally to text messages). The sole issue before the Court for purposes of this motion is whether Plaintiff has plausibly alleged that Defendant used an ATDS—as defined in the TCPA—to send the three aforementioned text messages to Plaintiff.

The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random number or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227. Defendant argues that Plaintiff has not pled any facts supporting her allegation that Defendant sent her the three text messages using an ATDS as defined in the statute. Instead, Defendant argues that Plaintiff's allegation is a conclusory recitation of the statutory requirements for an ATDS.

Courts in this district have reached divergent conclusions regarding the level of detail with which plaintiffs must allege use of an ATDS in order to survive the motion to dismiss stage. *Compare, e.g.*, *Czerniak v. Servis One, Inc.*, 15-CV-6473, 2017 WL 1196886, at *3 (N.D. Ill. Mar.31, 2017) (Tharp, J.) (holding that a recitation of the elements of an ATDS is sufficient to survive the motion to dismiss phase because discovery is typically necessary for the plaintiff to

obtain facts necessary to demonstrate that the defendant used an ATDS); *with Izsak v. Draftkings, Inc.*, 191 F.Supp.3d 900, 904 (N.D. Ill. 2016) (Wood, J.) (noting that it is insufficient to recite the fact that the defendant used an ATDS without pleading additional, independent facts that suggest beyond a speculative level that the defendant actually used an ATDS). Certainly,. some allegation of facts beyond a bare recitation of the statutory requirements is necessary for a TCPA claim to survive a motion to dismiss. To satisfy this standard, however, it suffices for a plaintiff to supply facts giving rise to a "reasonable expectation that discovery will reveal evidence" that the defendant used an ATDS. *Bell Atlantic Corp.*, 550 U.S. at 556. For example, a TCPA plaintiff could "describe the robotic sound of the voice on the other line . . ., the generic content of the message . . ., or anything else about the circumstances of a . . . message contributing to his belief it was . . . delivered via an ATDS." *Johansen v. Vivant, Inc.*, 12-CV-7159, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012) (Aspen, J.); *see also Hudson v. Ralph Lauren Corp.*, 385 F.Supp.3d 639, 644–45 (N.D. Ill. Mar. 31, 2019) (finding that the defendant's use of generic messages and an SMS number from which to send the messages, as well as a high volume of messages, sufficiently suggested the use of an ATDS to survive a motion to dismiss).

Here, Plaintiff has alleged sufficient factual allegations explaining why she believes the messages were sent via an ATDS that Plaintiff's assertion that Defendant used an ATDS cannot fairly be described as a bare allegation. For example, she alleges that Defendant sent the messages using a dedicated SMS number. (Dkt. 17 at ¶ 19.) She also alleges that the messages were of a generic nature, clearly meant to be sent to a large group of consumers and included automated instructional commands like "txtSTOP2stop," suggesting that these were mass marketing messages sent in an automatic fashion. (*Id.* ¶ 21.) These allegations, if proven, constitute circumstantial evidence that Defendant utilized an ATDS to send the text messages to Plaintiff. At

4

this stage, without the benefit of discovery, it would be nearly impossible for Plaintiff to make any more specific allegations about the system Defendant used to send her the text messages she received. *See Mauer v. Am. Intercontinental Univ., Inc.*, 16-CV-4651395, 2016 WL 4651395 (N.D. Ill. 2016) (finding that "it would be nearly impossible for plaintiffs to obtain evidence to determine the type of machine used for a call absent discovery"). The Court will not require Plaintiff to achieve a near impossibility to satisfy the pleading standards.

## CONCLUSION

Plaintiff has adequately alleged that Defendant used an Automated Telephone Dialing System to send her unsolicited text messages. Defendant's motion (Dkt. 19) to dismiss for failure to state a claim is therefore denied.

_____
Virginia M. Kendall
United States District Judge

Date: January 28, 2020