UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA JARA, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>REDBOX AUTOMATED RETAIL, LLC,<br><br>  Defendant. | Judge Hon. Virginia M. Kendall<br>Magistrate Judge Hon. Jeffrey Cummings<br><br>No. 1:19-cv-04532 |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Redbox Automated Retail, LLC ("Redbox" or "Defendant"), by and through its attorneys, Jaszczuk P.C., submits the following Answer and Affirmative Defenses to the First Amended Class Action Complaint ("Amended Complaint") filed by Plaintiff Maria Jara ("Jara" or "Plaintiff"):

### NATURE OF THE ACTION

1. In an effort to promote its business, Defendant, a provider of video rental services, engaged in an invasive and unlawful form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

**ANSWER:** Defendant admits that it provides video rental services to its customers, but denies all remaining allegations of this paragraph.

2. By effectuating these unauthorized text message calls (hereinafter, "wireless spam" or "SMS Messages"), Defendant has violated consumers' statutory and privacy rights and has caused consumers actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies wireless spam, but also because consumers have to pay their cell phone service providers for the receipt of such wireless spam.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

3. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), which prohibits unsolicited text message calls to cellular phones.

**ANSWER:** Defendant admits that Plaintiff's Amended Complaint purports to assert a cause of action under the TCPA, and that Plaintiff seeks to assert this claim on a class basis. Defendant denies that Plaintiff can bring claims on a class basis, denies that any class can be certified, denies that Plaintiff or the purported class has any claim against Defendant or is entitled to any relief against Defendant, and denies all other remaining allegations of this paragraph.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities, and an award of actual or statutory damages to the class members, together with costs and reasonable attorneys' fees.

**ANSWER:** Defendant admits that Plaintiff's Amended Complaint seeks injunctive and monetary relief, but denies that Plaintiff is entitled to same and denies all other remaining allegations of this paragraph.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

**ANSWER:** Defendant admits that subject matter jurisdiction exists in this Court.

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant resides in this District; Defendant regularly conducts business in this District; and because a substantial part of the events concerning the conduct at issue occurred in this District, as the text messages at issue were transmitted from this District.

**ANSWER:** Defendant admits that venue is proper in the Northern District of Illinois, but otherwise denies the remaining allegations of this paragraph.

## PARTIES

7. Plaintiff is a resident of Georgia.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8. Defendant is the operator of a national DVD, Blu-ray, and video game rental service. Defendant is a Delaware limited liability company that is registered to do business in this District and which maintains its corporate headquarters in Oakbrook Terrace, Illinois.

**ANSWER:** Defendant admits that it rents DVDs and Blu-ray discs to consumers through automated, self-service kiosks located in various retail outlets nationwide. Defendant further admits that it is a Delaware limited liability company, that its headquarters are located in Oakbrook Terrace, Illinois, and that it is authorized to do business in Illinois. Defendant otherwise denies the remaining allegations of this paragraph.

## COMMON ALLEGATIONS OF FACT

9. In recent years, marketers who have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. One of the newer types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12. Unlike more conventional advertisements, SMS messages, and particularly wireless spam, invade privacy and can actually cost their recipients money, because cell phone users like Plaintiff have to pay their respective wireless service providers for each text message call they receive, incur a usage allocation deduction from the total number of text messages allowed under their cell phone plan, or pay a fixed or variable usage fee.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13. Defendant recently undertook a misguided effort to promote its video rental services by transmitting such text message advertisements to consumers across the country. Indeed, during the applicable statutory period, Defendant and its agents caused the mass transmission of wireless spam to the cell phones of individuals who it hoped were potential customers of Defendant's business.

**ANSWER:** Defendant denies the allegations of this paragraph.

14. However Defendant failed to implement proper procedures to confirm that the telephone numbers to which Defendant sent the automated text message advertisements actually belonged to the persons who supposedly provided them and/or consented to receive such messages.

**ANSWER:** Defendant denies the allegations of this paragraph.

15. For instance, on November 28, 2018, Plaintiff's cell phone rang, indicating that a text had been received. The "from" field of the transmissions was identified cryptically as "727272," which is an abbreviated telephone number known as an SMS short code operated by Defendant or by Defendant's agents acting on Defendant's behalf. The text message Plaintiff received is depicted below:



**ANSWER:** Defendant admits that it sent a text message to Plaintiff's cell phone on November 28, 2018, after receiving consent to send text messages to that number. Defendant further admits that it has utilized short code 727272. Defendant otherwise denies the allegations of this paragraph.

16. On January 10, 2019, Plaintiff's cell phone rang again, indicating that a text had been received. The "from" field of the transmissions was identified cryptically as "727272," which is an abbreviated telephone number known as an SMS short code operated by Defendant or by Defendant's agents acting on Defendant's behalf. The text message Plaintiff received is depicted below:

5



**ANSWER:** Defendant admits that it sent a text message to Plaintiff's cell phone on January 10, 2019 after receiving consent to send text messages to that number. Defendant further admits that it has utilized short code 727272. Defendant otherwise denies the allegations of this paragraph.

17. On June 26, 2019, Plaintiff's cell phone rang yet again, indicating that a text had been received. The "from" field of the transmissions was identified cryptically as "727272," which is an abbreviated telephone number known as an SMS short code operated by Defendant or by Defendant's agents acting on Defendant's behalf. The text message Plaintiff received is depicted below:



**ANSWER:** Defendant admits that it sent a text message to Plaintiff's cell phone on June 26, 2019, after receiving consent to send text messages to that number. Defendant further admits that it has utilized short code 727272. Defendant otherwise denies the allegations of this paragraph.

18. The generic spam text messages reproduced in paragraphs 15–17 above each contained hyperlinks to website addresses that were owned and operated by Defendant and that encouraged recipients of the text messages to enroll in Defendant's services and utilize promo codes at Defendant's video rental kiosks.

**ANSWER:** Defendant admits that it sent text messages to Plaintiff's cell phone after receiving consent to send text messages to that number. Defendant further admits that certain of those text messages contained links to information applicable to Defendant's services. Defendant otherwise denies the allegations of this paragraph.

19. Defendant's use of an SMS short code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

20. All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant to the Plaintiff's cellular telephone number and to the numbers assigned to members of the putative Class occurred via an "automated telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A).

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

21. Specifically, Defendant utilized an "automated telephone dialing system" to transmit the aforementioned text messages to the Plaintiff's number and to the numbers assigned to members of the putative Class because such messages were sent from a short-code telephone number used to message consumers *en masse* and because the hardware and software used by Defendant to send such messages have the capacity to store, produce, and dial random or sequential numbers, or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion and without human intervention. And indeed, Defendant actually transmitted the text messages at issue in this case to Plaintiff and all other proposed class members in an automated fashion and without human intervention, with hardware and software that stored, produced and dialed random or sequential numbers and/or received and stored lists of telephone numbers and which then dialed such numbers automatically.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

22. All of the complained-of text messages sent by Defendant to Plaintiff's cellular telephone number and to the numbers assigned to members of the putative Class defined below constituted "telemarketing" as defined by 47 C.F.R. § 64.1200(f)(12) & id. § 64.1200(a)(2), and "advertisements" as defined by 47 C.F.R. § 64.1200(f)(1), & id. § 64.1200(a)(2). This is because Defendant sent its text messages to Plaintiff and the unnamed Class members to market and advertise the commercial availability of its goods and services, for the purpose of selling such goods and services to Plaintiff and the other members of the proposed Class for profit.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

23. At no time did Plaintiff expressly consent in writing to receive autodialed text message advertisements sent by Defendant to Plaintiff's cellular telephone number.

**ANSWER:** Defendant denies the allegations of this paragraph.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of herself, and a class of similarly situated individuals, defined as follows: All persons in the United States and its Territories to whom Defendant delivered one or more text messages promoting its goods or services without having obtained such persons' prior express written consent to be sent such messages, at any time during the four years preceding the filing of this action through the date on which any order is entered certifying this action as a class action.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

25. There are thousands of members of the Class such that joinder of all members is impracticable.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

26. Common questions of law and fact exist as to all members of the Class, and such questions predominate over questions affecting Plaintiff or individual members of the Class. Common questions for the Class include, but are not limited, to the following:

(a) whether Defendant and/or its agents sent one or more text message advertisements to members of the Class;
(b) whether Defendant and/or its agents used an automatic telephone dialing system to transmit the text message advertisements at issue;
(c) whether Defendant can satisfy its burden to prove that it obtained the requisite prior express written consent of the persons to whom it delivered the text message advertisements at issue prior to transmitting such messages, assuming any such consent-based affirmative defense is raised;

9

(d) whether the wireless spam distributed by Defendant violated the TCPA;
(f) whether Defendant's violations of the TCPA were committed willfully or knowingly, such that Plaintiff's and the Class's award of statutory damages should be trebled; and
(g) whether Defendant should be enjoined from engaging in the complained-of conduct in the future.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph, including all subparts therein.

27. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

28. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

29. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in distributing the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

30. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of Defendant's unlawful distribution of the wireless spam alleged herein.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph.

**COUNT I**
**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, *et seq*.) on behalf of Plaintiff and the Class**

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER:** Defendant incorporates its responses and answers to paragraphs 1-30 as if fully set forth herein.

32. Defendant made numerous unsolicited commercial text calls to the wireless telephone numbers of Plaintiff and the other members of the Class using equipment that constituted an "automatic telephone dialing system" within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(A), as alleged above.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

33. These text message calls were made *en masse* through the use of a short code without the prior express written consent of Plaintiff.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

34. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

35. As a result of Defendant's illegal conduct, the members of the Class have had their privacy rights violated, have suffered statutory and actual damages, and under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

36. To the extent Defendant knew or should have known that the Class members did not provide prior express written consent to be sent the wireless spam at issue, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of statutory damages;

3. An injunction requiring Defendant to cease all wireless spam activities;

4. An award of reasonable attorneys' fees and costs; and

5. Such further and other relief the Court deems reasonable and just.

**ANSWER:** Defendant denies that Plaintiff or putative class members are entitled to any of the relief sought and otherwise denies the allegations of this paragraph.

12

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

**ANSWER:** Defendant requests a jury trial as to all claims so triable.

## AFFIRMATIVE DEFENSES

Defendant does not concede or waive the issue of which party bears the burden of proof as to any of the following:

### Consent

1. Pleading affirmatively, Defendant asserts that proper consent was obtained to place the alleged texts to Plaintiff and putative class members.

### Unclean Hands / *In Pari Delicto* / Ratification

2. Pleading affirmatively, Defendant asserts that Plaintiff's claims are barred by the doctrines of unclean hands and *in pari delicto* to the extent that Plaintiff's own actions were the cause of her Complaint. For the same reason, Plaintiff's claims are barred by the doctrine of ratification because Plaintiff acquiesced to any conduct that allegedly caused her damages.

### Standing

3. Pleading affirmatively, Defendant asserts that Plaintiff and putative class members are not within the zone of interests protected by the TCPA to the extent that the cellular phone numbers allegedly texted were listed and associated with commercial business ventures and to the extent Plaintiff and/or putative class members are not the owners of, or subscribers to, the telephone numbers to which the alleged texts were sent.

### Vicarious Liability

4. Pleading affirmatively, Defendant asserts that Defendant is not liable for the alleged texts because any such texts would have been made by third parties for whose actions Defendant cannot be held vicariously liable.

### Constitutionality

5. Pleading affirmatively, Defendant asserts that the TCPA violates the First, Fifth, and Eighth Amendments to the Constitution of the United States and is unconstitutional under State law.

### Statute of Limitations

6. Pleading affirmatively, Defendant asserts that, to the extent Plaintiff and putative class members make claims for violations that occurred more than four years prior to the date of the Amended Complaint, Plaintiff's and putative class members' claims are barred by the applicable statute of limitations. 28 U.S.C. § 1658(a).

### Reassigned Numbers

7. Pleading affirmatively, Defendant asserts that, to the extent applicable, Plaintiff's and putative class members' claims are barred by rulings exempting texts to reassigned phone numbers from TCPA liability.

### Improper Revocation

8. Pleading affirmatively, Defendant asserts that Plaintiff's and putative class members' claims are barred to the extent consent to receive any of the alleged texts at issue was improperly revoked.

### Article III Standing

9. Pleading affirmatively, Defendant asserts that Plaintiff's and putative class members' interests were not violated by the alleged texts as they did not constitute the nuisance, invasion of privacy, cost, and inconvenience from which Congress intended to protect consumers and, accordingly, Plaintiff and putative class members have not suffered concrete or particularized injuries traceable to any action of Defendant sufficient to satisfy Article III or statutory standing requirements.

### Incomplete Calls

10. Pleading affirmatively, Defendant asserts that, to the extent any alleged texts sent to Plaintiff's and putative class members' cellular telephone numbers were blocked by call-blocking technology, or were otherwise not completed, those texts do not constitute a violation of the TCPA.

### Indemnification

11. Pleading affirmatively, Defendant asserts that, to the extent Defendant could be deemed to be liable for any damages, Defendant is entitled to indemnification from one or more third parties.

### Reservation

12. Defendant does not yet have knowledge of all facts and evidence surrounding this matter and, as a result, reserves its right to amend its Answer to raise additional affirmative defenses as they are discovered.

Dated: February 11, 2020                    Respectfully submitted,

                                            By:   /s/ Martin W. Jaszczuk
                                            Martin W. Jaszczuk
                                            Margaret M. Schuchardt
                                            Tamra Miller
                                            JASZCZUK P.C.
                                            311 South Wacker Drive, Suite 3200
                                            Chicago, IL 60606
                                            Telephone: (312) 442-0509
                                            Facsimile: (312) 442-0519
                                            mjaszczuk@jaszczuk.com

## CERTIFICATE OF SERVICE

I, Margaret M. Schuchardt, an attorney, certify that I caused the foregoing document to be served via the CM/ECF system on February 11, 2020:

                                                        */s/ Margaret M. Schuchardt*